IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SENRICK SHERN WILKERSON,   )<br>Plaintiff,   )<br>vs.   )<br>   )<br>THE STATE OF TEXAS, et al.,   )<br>Defendant.   )  | No. 3:12-CV-1830-L-BH<br><br><br>Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this case has been automatically referred for pretrial management. Based on the relevant filings and applicable law, Plaintiff's claims should be **DISMISSED** as malicious.

### I. BACKGROUND

On or about June 13, 2012, Plaintiff filed this suit under 42 U.S.C. § 1983 against the State of Texas, the Dallas County District Courts, state prosecutor Brooke Grona-Robb, and defense attorney Calvin D. Johnson. (Compl. at 3). He claims that the defendants violated his constitutional rights because a visiting judge presided over his trial, the prosecutor filed new indictments on which he was never arraigned, and his defense attorney provided ineffective assistance of counsel. *Id.* at 3-4, 6-8.

Plaintiff filed two prior lawsuits regarding his criminal trial and convictions naming Grona-Robb and Johnson as defendants. *See Wilkerson v. Brooke, et. al*, No. 3:11-cv-659-B (N.D.Tex. May 18, 2011); *Wilkerson v. Grona-Robb, et. al*, No. 3:11-cv-1242-N (N.D. Tex. Nov. 10, 2011). He claimed in one case, in relevant part, that the prosecutor filed new charges and coerced the complaining witness to testify, and that his attorney was ineffective. *See Wilkerson v. Brooke*, No. 3:11-cv-659-B, doc. 2. In the other case, he asserted that the prosecutor coerced the witness to testify and violated his due process rights, and that his attorney was ineffective. *See Wilkerson v.*

*Grona-Robb*, No. 3:11-cv-1242-N (doc. 2). His prior cases were dismissed for failure to state a claim and as barred by *Heck v. Humphrey*, 512 U.S. 477. *See id.*

## II. PRELIMINARY SCREENING

Because Plaintiff is a prisoner, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint or any part of it if the Court finds it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

The Fifth Circuit has found that a prisoner action that raises the same claims as a prior action may be dismissed as malicious under § 1915A(b)(1). *Allen v. Scott*, 95 F. App'x 88, 88 (5th Cir. 2004) (per curiam). It has also held that courts may appropriately dismiss an *in forma pauperis* action as frivolous when it "seek[s] to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). In addition, the Fifth Circuit "has held that it is malicious for a pauper to file successive IFP suits that duplicate claims made in other

pending or previous lawsuits." *Humphrey v. Luna*, 59 F.3d 1242, 1242 (5th Cir. 1995) (per curiam), *citing Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (pending lawsuits); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (previous lawsuits)). This Court has found that

> a previously dismissed action based on substantially the same facts arising from a common series of events provides a sufficient basis to dismiss [a] later-filed, fee-paid action when the court dismissed the first action because it was subject to a meritorious defense or was found factually or legally frivolous, after giving the plaintiff the opportunity to expound on the factual allegations before a dismissal as factually frivolous. Furthermore, in view of *Marts* and the PLRA [(Prison Litigation Reform Act)] amendments, a dismissal for failure to state a claim upon which relief may be granted also appears sufficient when the plaintiff had been given an opportunity to expound on his or her claims before the court dismissed the earlier-filed action.

*Shabazz v. Franklin*, 380 F. Supp. 2d 793, 803-04 (N.D. Tex. 2005), *citing Marts v. Hines*, 117 F.3d 1504, 1504-06 (5th Cir. 1997) (en banc)).

Plaintiff has already filed two cases against two of the four defendants in this lawsuit that arise from the same set of facts and occurrences and that have been dismissed. One of the cases was dismissed as frivolous after Plaintiff had an opportunity to expound on his claims through a questionnaire. *See Wilkerson v. Brooke*, No. 3:11-cv-659-B (docs. 5, 6). Although he now adds slightly different claims and two new defendants, his new claims are essentially an attempt to relitigate his original claims concerning his criminal trial and convictions. Plaintiff may not use a subsequent civil complaint to re-litigate or reconsider the dismissal of his first two cases, and this case should therefore be dismissed as malicious.

### III. RECOMMENDATION

Plaintiff's complaint should be summarily **DISMISSED** with prejudice pursuant to 28 U.S.C. § 1915A(b)(1). The dismissal of the complaint will count as a "strike" or "prior occasion"

within the meaning 28 U.S.C. § 1915(g).¹  Plaintiff should also be **WARNED** that if he files any further civil suits raising claims regarding his criminal trial and convictions, he could be subject to monetary sanctions.

**SO RECOMMENDED on this 28th day of June, 2012.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

---

¹ Section 1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.