**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **SENRICK SHERN WILKERSON,** ) | |
| Plaintiff, ) | |
| vs. ) | No. 3:12-CV-1830-L-BH |
| ) | |
| **THE STATE OF TEXAS, et al.,** ) | |
| Defendant. ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for screening. Before the Court is the plaintiff's request for an order that he be released immediately, received July 2, 2012 (doc. 20). Based on the relevant filings and applicable law, the plaintiff's request for an order of release should be **DENIED**.

**I. BACKGROUND**

On or about June 13, 2012, the plaintiff filed this suit under 42 U.S.C. § 1983 against the State of Texas, the Dallas County District Courts, a state prosecutor, and his defense attorney. (Compl. at 3). He claims that the defendants violated his constitutional rights because a visiting judge presided over his trial, the prosecutor filed new indictments on which he was never arraigned, and his defense attorney was ineffective. *Id.* at 3-4, 6-8. Because he is an inmate at the Dallas County jail seeking to proceed *in forma pauperis,* his complaint is subject to preliminary screening under 28 U.S.C. §§ 1915A and 1915(e)(2). Dismissal of his claims as malicious was recommended on June 28, 2012, because he had already raised them in a prior action against two of the same defendants in this case. He now seeks an order that he be immediately released from state custody. Release is part of the relief requested in his complaint.

**II. ANALYSIS**

Release from imprisonment is an inappropriate remedy in a civil rights action such as this

one. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974). A prisoner cannot challenge the fact or duration of confinement in a civil rights action. *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973)); *Spina v. Aaron*, 821 F.2d 1126, 1128 (5th Cir. 1987) (applying this rule to *Bivens* as well as § 1983 actions). He may only do so within the exclusive scope of habeas corpus. *See Preiser*, 411 U.S. at 487. Notwithstanding the recommendation that the plaintiff's claims be dismissed as malicious, he continues to seek relief that is unavailable in this civil rights action.

### III. RECOMMENDATION

The plaintiff's request for an order of immediate release should be denied.

**SO RECOMMENDED on this 5th day of July, 2012.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE