IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **SENRICK SHERN WILKERSON**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-1830-L** |
| | § | |
| **THE STATE OF TEXAS, et al.,** | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report 1"), filed June 28, 2012 (Doc. 15). In Report 1, the magistrate judge recommends that Plaintiff's complaint be summarily dismissed pursuant to 28 U.S.C. § 1915A(b)(1). Plaintiff filed objections to Report 1 on July 10, 2012 (Doc. 37). Also before the court are the Findings, Conclusions, and Recommendation of the United States Magistrate Judge ("Report 2"), filed July 5, 2012 (Doc. 22). In Report 2, the magistrate judge recommends that Plaintiff's Request for an Order of Immediate Release (Doc. 20), filed July 2, 2012, be denied. Plaintiff filed objections to Report 2 on July 12, 2012 (Doc. 45). On July 10, 2012, Plaintiff filed his Request for this Court to Order the Dallas County District Attorney's Office to Pursue Aggravated Perjury Charges (Doc. 38). On July 12, 2012, Plaintiff filed a Request for Case to Proceed Before a Judge of the United States District Court (Doc. 46), objecting to the magistrate judge's recommendation of dismissal and requesting that his case proceed before a United States District Judge and that a hearing be held immediately. The court reviewed *de novo* those portions of the Reports to which

**Memorandum Opinion and Order – Page 1**

objection was made, and reviewed the remaining proposed findings, conclusions, and recommendations for plain error.

In this case, Senrick Shern Wilkerson ("Plaintiff") raises claims regarding his trial and convictions for sexual assault. Plaintiff complains that defendants violated his constitutional rights because a visiting judge presided over his trial, the prosecutor filed new indictments on which he was never arraigned, and his defense attorney provided ineffective assistance of counsel. Plaintiff's prior civil cases against most of the same defendants, which raised claims regarding his arrest, trial, and convictions, were dismissed as barred under *Heck v. Humphrey*, 512 U.S. 477 (1994). *See Wilkerson v. Brooke, et. al.*, No. 3:11-cv-659-B (N.D. Tex. May 18, 2011); *Wilkerson v. Grona-Robb, et. al*, No. 3:11-cv-1242-N (N.D. Tex. Nov. 10, 2011). Plaintiff has merely added the State of Texas and the Dallas County district court as defendants. The State is immune from a suit seeking monetary damages, *Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000), and Plaintiff's claims remain barred by *Heck*.

Plaintiff's Request for an Order of Immediate Release (Doc. 20) fails to state a claim because release is an inappropriate remedy in a civil rights action and lies within the exclusive scope of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). With respect to Plaintiff's Request for this Court to Order the Dallas County District Attorney's Office to Pursue Aggravated Perjury Charges (Doc. 38), there is no constitutional right to have someone criminally prosecuted, *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990), and a civil action does not permit a private party to enforce criminal statutes. *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007).

Plaintiff's objections to Report 1 (Doc. 37) and Report 2 (Doc. 45) are without merit; accordingly, the court **overrules** them. After reviewing the pleadings, record in this case, applicable law, and the Reports of the magistrate judge, the court determines that the findings and conclusions are correct and **accepts** them (Docs. 15 and 22) as those of the court. Accordingly, the court **dismisses** Plaintiff's complaint **with prejudice** as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b). The dismissal of the complaint will count as a "strike" or "prior occasion" within the meaning 28 U.S.C. § 1915(g).[*] Plaintiff is further **warned** that if he files any further civil suits raising claims regarding his criminal trial and convictions, he could be subject to monetary sanctions. For the reasons herein explained, the court **denies** Plaintiff's Request for an Order of Immediate Release (Doc. 20); Plaintiff's Request for this Court to Order the Dallas County District Attorney's Office to Pursue Aggravated Perjury Charges (Doc. 38); and Plaintiff's Request for Case to Proceed Before a Judge of the United States District Court (Doc. 46).

**It is so ordered** this 31st day of July, 2012.

Sam A. Lindsay
United States District Judge

---

[*] Section1915(g), which is commonly known as the "three-strikes" provision, provides:
> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section, if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.